IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 16-00419 LEK/RLP |
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BERT Y. MATSUOKA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## **DISMISSAL ORDER**

Before the court is pro se prisoner Francis Grandinetti's pleading, titled "Federal Complaint, UGEA, AEDPA, CJA of 1964, PLRA § 1915(g), and, Habeas Corpus laws." Compl., Doc. No. 1. The Complaint is subtitled, "Federal Habeas Corpus and Miranda-Rights Violations."[1]  *Id.*  Grandinetti has not paid the civil filing fee or submitted an in forma pauperis

---

[1] Grandinetti routinely labels his pleadings as both habeas and civil rights actions, without regard to the basis for his claims. He apparently does this to avoid the restrictions imposed on his proceeding in forma pauperis under 28 U.S.C. § 1915(g).  *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005) (recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties).

application. For the following reasons, the Complaint and action are DISMISSED without prejudice.

## I. BACKGROUND

Grandinetti challenges an April 28, 2016 parole consideration proceeding, which he alleges was a "fraudulent hearing with no lawyer, P.D., phone calls, or ATC rights. (Miranda violations.)." Grandinetti's exhibits show that he refused to appear at the April 28, 2016 hearing or sign and acknowledge a form advising him of his rights at the proceeding and ability to request assistance of counsel.

A challenge to procedures used for consideration of parole is not within the "core of habeas corpus," because success in such an action will not necessarily lead to immediate or speedier release. *Nettles v. Grounds*, ___ F.3d ____, 2016 WL 3997255 *3 (9th Cir. 2016). Rather, success here will result in Grandinetti being granted a new parole consideration hearing at which the Hawaii Paroling Authority ("HPA") will have discretion to grant or deny him parole. *See Ramirez v. Galaza*, 334 F.3d 850, 852, 858 (9th Cir. 2003) (finding

habeas jurisdiction lacking in an action challenging parole procedures); *see also Dennison v. Waiawa Corr. Facility*, No. CV 16-00389 JMS/KJM, 2016 WL 4419283, at *3 (D. Haw. Aug. 16, 2016) (addressing HPA's discretion to deny parole under Haw. Rev. Stat. § 706-670(1) in civil rights action).

Due to the nature of Grandinetti's claims and the court's long history with his filings, the Clerk of Court is DIRECTED to correct the docket to identify this action as brought under 42 U.S.C. § 1983.

## II. **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121.  Once the district court identifies three cases that qualify as strikes, the prisoner has been put on notice as to what cases the court considered in denying IFP.  *Id.*  The prisoner then bears the burden of persuading the court that the prior dismissals did not qualify as strikes.  *Id.*

Because Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[2] and has been notified many times regarding these strikes, he may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he is in imminent danger of serious physical injury.

---

[2] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LK (D. Haw. 2005).

### III. NO IMMINENT DANGER

The imminent danger exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Grandinetti's allegation regarding the denial of counsel at a parole consideration proceeding does not support a finding that he was in imminent danger of serious physical injury when he filed this action. Nor does anything else within the Complaint suggest that he was in such danger when he filed this action.

Further, Grandinetti has no federal or state-created due process right to parole, and therefore, he fails to state a cognizable claim for relief based on the denial of an attorney or other procedural problems at a parole consideration proceeding in which he refused to participate. *See Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981) (holding there is no constitutionally-protected interest in parole even after a parole date is set); *Greenholtz v. Inmates of*

*Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Dennison*, 2016 WL 4419283, at *3; *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. April 17, 2014) (recognizing that no state-created liberty interest in parole is created under Hawaii's parole regime, and collecting District of Hawaii cases); *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 302, 1 P.3d 768, 772 (2000); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992).

## IV.   CONCLUSION

(1)   The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)   This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g), for Grandinetti's failure to concurrently pay the civil filing fee when he filed his Complaint and commenced this action.

(3)   The Clerk of Court is DIRECTED to identify this action on the docket as a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 and terminate this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 23, 2016.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States District Judge

*Grandinetti v. Matsuoka, et al.*, 1:16-cv-00419 LEK/RLP; 3 stks 2016 (not hab dny parole dsm)